Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
INTERSCOPE RECORDS; UMG
RECORDINGS, INC.; SONY BMG
MUSIC ENTERTAINMENT; VIRGIN
RECORDS AMERICA, INC.; and BMG
MUSIC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERSCOPE RECORDS, a California general partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; and BMG MUSIC, a New York general partnership, Plaintiffs, v. JOHN DOE, Defendant. | CASE NO. 3:07-CV-04881-JSW Honorable Jeffrey S. White ***EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER** |

Plaintiffs respectfully request that the Court continue the case management conference currently set for January 4, 2008, at 1:30 p.m. to April 4, 2008.  As further explained below, there is not yet a named defendant in this case, and Plaintiffs do not yet know the true identity of Defendant John Doe ("Defendant").

Plaintiffs filed the Complaint against Defendant on September 20, 2007.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider – here, University of San Francisco ("USF").  Accordingly, also on September 20, 2007, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery, seeking the Court's permission to serve a Rule 45 subpoena on USF so that Plaintiffs could discover information sufficient to identify Defendant.  On October 9, 2007, this Court issued its Order Granting Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery authorizing Plaintiffs to serve a Rule 45 subpoena on USF.

On November 30, 2007, USF responded to several subpoenas served by Plaintiffs in conjunction with this case and other similar cases.   However , USF did not provide Plaintiffs with information permitting Plaintiffs to identify Defendant in this particular case.  Since that time Plaintiffs, have been in communication with USF and are attempting to determine whether USF possesses further information that would allow Plaintiffs to identify Defendant.  If Plaintiffs determine that USF does not have such information, Plaintiffs will promptly file a notice of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41.  If Plaintiffs are able to identify Defendant, Plaintiffs will attempt to contact Defendant and attempt to resolve this dispute.

///
///
///
///
///
///
///

1

However, because there is not yet a named defendant in this case and Plaintiffs do not yet know Defendant's true identity, a case management conference is unnecessary at this time. Plaintiffs therefore respectfully request that the Court continue the case management conference currently set for January 4, 2008, at 1:30 p.m. to April 4, 2008.

Dated:  December 21, 2007                    HOLME ROBERTS & OWEN LLP


                                        By:  _____/s/ Matthew Franklin Jaksa___
                                             MATTHEW FRANKLIN JAKSA
                                             Attorney for Plaintiffs


**<u>ORDER</u>**

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for January 4, 2008, at 1:30 p.m. be continued to April 4, 2008.


Dated: _____        By: _____
                                        Honorable Jeffrey S. White
                                        United States District Judge


2